Matthew M. Boley (8536)
Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floort
Salt Lake City, UT 84111
Telephone: (801) 363-4300
E-mail: mboley@ck.law
        jtrousdale@ck.law

*Attorneys for* creditor SUNTUITY SOLAR Limited Liability Company

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br>**EMPIRE SOLAR GROUP, LLC**,<br>Debtor. | Bankruptcy No. 21-23636<br>Chapter 7<br>Hon. Joel T. Marker |
|---|---|

**NOTICE OF SUBPOENA FOR DOCUMENTS TO TELT VENTURES, LLC D/B/A 1 SOLAR**

      **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 34, made applicable to the Sale Motion[1] by Federal Rules of Bankruptcy Procedure 7034 and 9014(c), SUNTUITY SOLAR Limited Liability Company ("**Suntuity**"), a creditor and bidder with respect to certain assets held or purportedly held by the bankruptcy estate of Empire Solar Group, LLC, respectfully submits this Notice of Subpoena to TELT Ventures, LLC, d/b/a 1 Solar ("**1 Solar**"), under Bankruptcy Rule 9016. A copy of the Subpoena is attached hereto as <u>Exhibit 1</u>. The Subpoena shall be served forthwith on 1 Solar at the address of its Registered Agent.

      Dated: October 12, 2021         **Cohne Kinghorn, PC**

                                            <u>/s/ Jeffrey Trousdale</u>
                                            Matthew M. Boley
                                            Jeffrey Trousdale
                                            Attorneys for Creditor and Bidder

---

[1] The "**Sale Motion**" means and refers to the *Chapter 7 Trustee's Motion to Approve Asset Purchase Agreement and to Assume and Assign Las Vegas Lease as Part of the Transaction*, filed at Docket No. 36 in the above-captioned case.

{00582563.DOCX /}

# CERTIFICATE OF SERVICE

I certify that on October 12, 2021, I caused to be served the foregoing **NOTICE OF SUBPOENA TO TELT VENTURES, LLC D/B/A 1 SOLAR,** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system serving the Notice as set forth below:

**By Electronic Service:** I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served true and correct copies of the Notice through the CM/ECF system:

- B. Scott Allen    allen@mvmlegal.com, coley@mvmlegal.com
- Steven R. Bailey tr    karen@baileylaw.org, UT06@ecfcbis.com
- Megan K Baker    baker.megan@dorsey.com, long.scarlette@dorsey.com
- Matthew M. Boley    mboley@ck.law, klopez@ck.law
- Ryan C. Cadwallader    rcadwallader@kmclaw.com, twhite@kmclaw.com
- Deborah Rae Chandler    dchandler@aklawfirm.com
- John Christiansen    john@utahlaw.legal, r47656@notify.bestcase.com
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com; vmoody@rqn.com
- David H. Leigh    dleigh@rqn.com, moakeson@rqn.com; docket@rqn.com
- Christopher J Martinez    martinez.chris@dorsey.com
- Jason A. McNeill    mcneill@mvmlegal.com, coley@mvmlegal.com
- Blake D. Miller    bmiller@aklawfirm.com, millermobile@gmail.com; miller.blaked@gmail.com
- Gregory S. Moesinger    gmoesinger@kmclaw.com, tsanders@kmclaw.com
- Mark C. Rose    mrose@mbt-law.com, markcroselegal@gmail.com
- Mark S. Swan    mswan@strongandhanni.com, mark@swanlaw.net
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, mparks@ck.law; tkosec@ck.law
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

/s/ Jeffrey Trousdale

# EXHIBIT "1"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Utah**

In re **Empire Solar Group, LLC**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. **21-23636**

Chapter **7**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **TELT Ventures, LLC d/b/a 1 Solar**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE Exhibits A & B, Attached**

| PLACE | DATE AND TIME |
|---|---|
| Cohne Kinghorn, 111 E Broadway, 11th Floor, Salt Lake City, UT 84111 | 10/14/21    2:00 pm |

☒ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **10/12/21**

_____          _____
CLERK OF COURT                                OR

_____                   _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
Jeffrey Trousdale, 111 E. Broadway, 11th Floor, Salt Lake City, UT 84111, Phone: (801) 363-4300, E-Mail: jtrousdale@ck.law

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 21-23636 Doc 82 Filed 10/12/21 Entered 10/12/21 14:38:50 Desc Main Document Page 6 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

**DEFINITIONS:**

1. "**1 Solar**" means and refers to TELT Ventures, LLC d/b/a 1 Solar, and all agents, employees, affiliates, and officers thereof, including but not limited to Jacob (Jake) Kilgore.

2. "**APA**" means that certain Asset Purchase Agreement dated September 21, 2021, entered into by and between 1 Solar and the Trustee, as it is or may be amended.

3. "**Buchmiller**" means Abigail "Abby" Buchmiller, a former member and officer of the Debtor.

4. "**Case**" means and refers to the Debtor's bankruptcy case, Case No. 21-23636.

5. "**Communication**" means the conveyance of information between or among persons by any means, including, without limitation, by written correspondence, e-mail, telephone, facsimile, text messaging, social media, mobile application, and face-to-face dialogue.

6. "**Dealer**" means and refers to any contractor who sold, or may have sold, solar contracts, including the Uncompleted Contracts, to the Debtor's Customers.

7. "**Debtor**" means and refers to Empire Solar Group, LLC, and all agents, employees, affiliates, and officers thereof.

8. "**Debtor's Customers**" means and refers to all current or former customers of the Debtor, including but not limited to the counterparties to the Uncompleted Contracts.

9. "**Document**" is used in its most expansive sense and includes, but is not limited to, every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorney or representatives, including, but not limited to, writings, records, drafts, notes, notices, memoranda, diaries, journals, letters, correspondence, e-mails and other electronic messages, agreements, summaries, exhibits, demands, drawings, graphs, charts, photographs, phonorecords, data files (whether stored on a desktop computer, laptop computer, personal digital assistant (PDA), network drive, server, mainframe, internet service provider, internet data storage site, web page, CD Rom, floppy disk, Zip Disk, backup tape, replaced or removed hard-drive, external hard-drive, Jaz disk, or otherwise), digital telephony, other data compilations from which information can be obtained (whether existing in print or electronic format, and whether stored in digital or analog format), and every other device or medium on which or through which information of any type is transmitted, recorded or preserved and things similar to any of the foregoing, regardless of their author or origin, of any kind, however denominated. Document also means a copy where the original is not in your possession, custody or control and every copy of a document if such copy is not an identical duplicate of the original.

10. "**Estate**" means and refers to the Chapter 7 Bankruptcy estate of the Debtor.

11. "**Encumbered Vehicles**" has the meaning ascribed to it in the APA.

12. "**Included Assets**" has the meaning ascribed to it in the APA.

13. The term "**interest**" shall mean and refer to, collectively, a security interest, a lien interest, an ownership interest and/or any other type of right, title or legal or equitable share in something.

14. "**Or**" and "**and**" each mean "and/or."

15. "**PAIC**" means and refers to PAIC Solar and all agents, employees, affiliates, and officers thereof.

16. The term "**Regarding**" means (in addition to its plain dictionary meaning), concerning, relating to, referring to, describing, evidencing, supporting, substantiating, disproving, invalidating, refuting, contradicting, negating, controverting, and/or constituting.

17. "**Roseburg**" means Amanda Roseburg, a former member and officer of the Debtor.

18. "**Steven Buchmiller**" means Steven (Steve) Buchmiller, a former officer of the Debtor.

19. The "**Trustee**" means and refers to Steven R. Bailey, solely in his capacity as the Chapter 7 Trustee of the Estate, together with any attorneys, accountants, agents, consultants, or other professionals or persons acting for or on behalf of the Trustee. Without limitation, the Trustee's professionals include his attorneys at Ray Quinney & Nebeker, P.C. and his accountants at Rocky Mountain Advisory, P.C.

20. "**Uinta Bank**" means and refers to Uinta Bank, a Wyoming corporation, and all agents, employees, affiliates, and officers thereof.

21. "**Uncompleted Contracts**" has the meaning ascribed to it in the APA.

22. "**Unencumbered Vehicles**" has the meaning ascribed to it in the APA.

23. "**You**", "**your**," and "**yourself**" refers to 1 Solar and each and every person acting or purporting to act on behalf of 1 Solar.

**INSTRUCTIONS:**

    A.    The Documents requested are those currently in your possession, custody, or control, actual or constructive, up to and including the date of your production, including those in the possession, custody or control of any other person acting on your behalf, including without limitation your employees, agents, accountants, auditors, attorneys, consultants or other persons.

    B.    As to each request, you are requested to produce the Documents as they are kept in the ordinary course of business or to produce them organized and labeled to correspond with the categories of Documents identified on <u>Exhibit B</u>.

    C.    For each request for production, provide clear, legible and complete copies of each document responsive to the request.

    D.    If you are unable to produce any Document requested, you must provide written verification, sworn under penalty of perjury, that a diligent search and reasonable inquiry has been made in an effort to comply with the request. You shall also specify in such written verification whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer, in your possession, custody or control. You shall also state, for each Document or category of Documents, the name and address of any Person known or believed by you to have possession, custody or control of such Document or category of Documents.

    E.    Unless otherwise requested in the text of the document request, electronically stored information that is responsive to these Discovery Requests should be produced in its "native" electronic format and in exactly the form in which it currently is stored on your computer or other storage mediums. For example, a Microsoft Word data file should be produced in its native Microsoft Word format, without scrubbing or other alteration of metadata. Likewise, an e-mail stored in Microsoft Outlook format should be produced in said native format.

    F.    If you object to producing an item or category of items, or part of an item or category of items, you are requested to (i) identify with particularity any Documents which you are withholding based upon such objection, and (ii) set forth clearly the extent of and the specific ground(s) for the objection.

    G.    If privilege or work product protection is claimed as a ground for withholding one or more Documents, in whole or in part, you are requested to state separately for each Document:

    a. The nature of the privilege or other ground on which the Document is withheld;

    b. The nature of the Document (e.g., letter, memorandum, notes, disk);

    c. The date(s) it bears;

    d. The identity of each Person sending it;

    e. The identity of each Person to whom it was sent or who received or reviewed a copy (regardless of whether such fact is indicted on the Documents);

    f. The identity of each Person preparing it;

    g. A statement as to whom each Person who prepared, sent, received or reviewed the Document represented or purported to represent;

    h. A statement of the subject matter of the Document;

    i. A precise description of the place where the Document is kept; and

    j. The Request for Production of Documents to which the Document withheld is responsive.

**EXHIBIT "B"**
**(Categories of Documents to be Produced)**

**DOCUMENTS:**

1. All Documents evidencing or otherwise regarding Communications between you and the Trustee.

2. All Documents evidencing or otherwise regarding Communications between you and any of the Debtor, Roseburg, Buchmiller, **or** Steven Buchmiller from July 1, 2021 to the present.

3. All Documents evidencing or otherwise regarding Communications within 1 Solar (*i.e.*, internal Communications between employees, officers, owners, and agents) regarding the APA or the Included Assets.

4. All Documents evidencing or otherwise regarding Communications between you and the Debtor's Customers, including but not limited to any text messages sent to or received from the Debtor's Customers at any time.

5. All Documents evidencing or otherwise regarding any business dealings with or regarding the Debtor's Customers, including any contracts, referrals to third-parties, or internal Communications regarding the Debtor's Customers at any time.

6. All Documents evidencing or otherwise regarding Communications between you and Dealers, including but not limited to any text messages sent to or received from Dealers regarding the Uncompleted Contracts at any time.

7. All Documents evidencing or otherwise regarding Communications between you and Uinta Bank from July 1, 2021 to the present.

8. All Documents evidencing or otherwise regarding Communications between you and PAIC from July 1, 2021 to the present.

9. All Documents evidencing or otherwise regarding Communications between you and GoodLeap, LLC, Sunova Energy, or other institutional financiers regarding the Debor, the Debtor's Customers, the APA, or the Included Assets, from July 1, 2021 to the present.

10. All Documents evidencing or otherwise regarding inventories, counts, accountings, catalogues, and/or valuations of the Included Assets.

11. All Documents evidencing or otherwise regarding the present location(s) of the Included Assets, including without limitation, inventories, communications (internal and external) regarding the Included Assets or their movement.

12. Any Documents evidencing or otherwise regarding the present condition, value, and location of the Encumbered Vehicles and the Unencumbered Vehicles.

13. An inventory of all property you moved or removed from the Debtor's warehouses, offices, or other locations (including vehicles formerly parked at the Debtor's warehouses), including without limitation the warehouse that are identified in Exhibit B to the APA. The inventory should include: (i) a description of the property; (ii) the location of the property; (iii) the condition of the property; (iv) the quantity of the property; and (v) if applicable, any identifying serial number, order number, etc. associated with the property.